# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2286 | **DATE** | October 27, 2004 |
| **CASE TITLE** | WALZ vs. FEDERAL INSURANCE CO | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's motion for summary judgment is granted as to count one. In light of the decision above, this court need not consider the issues of counts two and three at this time. Status hearing is set for November 16, 2004 at 9:00 am.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | OCT 29 2004 | |
| ✓ | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 23 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JS | courtroom deputy's initials | | 10-27-04 date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Keith Walz,
)
)
)
Plaintiff,                      )
)
v.                              )     No. 04 C 2286
)
Federal Insurance Company,      )
)
Defendant.                      )
)

MEMORANDUM OPINION AND ORDER

DOCKETED
OCT 2 9 2004

JAMES F. HOLDERMAN, District Judge:

On May 18, 2004, Plaintiff Keith Walz, ("Walz"), filed a six count amended complaint seeking declaratory judgment and monetary relief for breach of contract and vexatious and unreasonable failure to pay a claim based on denial of coverage against defendant Federal Insurance Company, ("Federal"). This court, in its July 27, 2004 minute order, ruled that Walz must proceed to arbitration on counts four through six of his complaint. Walz now presents his motion for summary judgment on counts one through three of his complaint. For the reasons set forth below, Walz's motion for summary judgment on count one is granted and counts two and three are denied.

BACKGROUND

Federal is an Indiana insurance corporation with its primary place of business in New Jersey. (Walz's Statement of Undisputed Facts at ¶ 2.) Walz, an Illinois citizen, was a member of the board of directors of Argus Systems Group, Inc., ("Argus"). (Id. at ¶ 1.) Argus is an Illinois corporation in the software business. (Id. at ¶ 5.) This court has diversity jurisdiction under 28 U.S.C. § 1332.

23

Argus and Federal entered into Insurance Policy #8169-9710, ("Policy"), for $1,000,000 of coverage for the period of August 1, 2002 to August 1, 2003. (Id. at Ex. 3.) The Policy contains three sections: (1) General Terms and Conditions Section, (2) Directors & Officers Liability Coverage Section, ("D&O"), and, (3) Employment Practices Liability Coverage Section, ("EPL"). (Id.) Counts one through three of Walz's complaint involve the D&O section. Counts four through six involve the EPL section. The dispute between Walz and Federal centers around whether Federal must defend and indemnify Walz in a lawsuit between Walz and Randall Sandone, ("Sandone").

Sandone was the President, CEO and a member of Argus' board of directors until his termination in October 2002. (Id. at ¶ 8.) Sandone is suing Walz and two other Argus directors, Paul McNabb and William O'Neill, in Champaign County, Illinois Circuit Court over his firing. Sandone v. Walz et al., No. 02-L-272, (Ill. Cir. Ct. November 27, 2002) ("Sandone Suit") (Walz's Statement of Undisputed Facts at Ex. 1A). In light of Sandone's claim against him, Walz invoked the Policy and Federal responded with its letter of January 15, 2003. (Id. at Ex. 1B.) Federal's January 15, 2003 letter to Walz stated that it had (1) "accepted coverage for this claim subject to certain reservations of rights" set for in the letter, (Id. at Ex. 1B pg. 1); (2) characterized Sandone's allegations as a breach of a written employment agreement, breach of a note, and wrongful termination, (Id. at Ex. 1B pg. 2); and, (3) recognized its "right and duty" under the Policy to defend Walz against the Sandone suit, and therefore, was retaining the law firm of Laner, Muchin, Dombrow, Becker, Levin & Tominberg, Ltd for Walz's defense. (Id. at Ex. 1B at pg 5.) In its August 4, 2003 letter, Federal reversed its position and informed Walz that it was declining coverage under the Policy for claims related to the Sandone suit. (Id. at Ex. 1F.)

During the intervening period between the January 15, 2003 and August 4, 2003 letters,

2

Sandone had filed two amended complaints. Sandone v. Walz et al., No. 02-L-272, (Ill. Cir. Ct. April 9, 2003) ("First Amended Complaint") (Walz's Statement of Undisputed Facts at Ex. 1C); Sandone v. Walz et al., No. 02-L-272, (Ill. Cir. Ct. July 16, 2003) ("Second Amended Complaint") (Walz's Statement of Undisputed Facts at Ex. 1D). In Sandone's original complaint of November 27, 2002, he did not provided a legal cause of action for his factual allegations. However, his amended complaints of April 9, 2003 and July 16, 2003 included the legal causes of actions of "Tortious Interference with Contract of Employment" & "Tortious Interference with Reasonable Expectation of Continued Employment." (Walz's Statement of Undisputed Facts at Ex. 1D.) Sandone also brought a defamation claim, but it was dismissed with prejudice by the Champaign County Circuit Court on June 6, 2003. (Id. at 16.) The core of Sandone's factual allegations, that he was wrongfully fired, remained the same throughout the three complaints. (Id.) According to Federal, its decision to deny coverage was because Sandone's tortious interference claims were not covered under the Policy. (Id. at Ex. 1F.)

Walz requested Federal to reconsider its denial but Federal again responded that there was no coverage under the Policy. (Id. at 28, 30.) Walz has retained his own counsel to defend against Sandone's suit and to bring the present case against Federal. (Id. at 32.) Federal has never sought or obtained a court's declaration in support of its denial of Walz's claim of coverage. (Id. at 33.)

On May 18, 2004, Walz filed a six count amended complaint in this court. Federal responded on June 1, 2004 with a motion to compel arbitration. This court, in its July 27, 2004 minute order, granted in part and denied in part Federal's motion to compel arbitration. Walz v. Federal Insurance Co., No. 04 C 2286 (N.D. Ill. July 27, 2004). This court concluded, based on a review of the language of the Policy, that "disputes arising under the EPL section are subject to arbitration while

3

those under the D&O section are not." Id. Consequently, the EPL claims (counts four through six) are subject to arbitration while D&O claims (counts one through three) are not.

Walz now presents his motion for summary judgment of August 12, 2004 on his claims under the D&O section of the Policy, counts one through three. Count one alleges breach of contract and seeks a declaratory judgment that Federal is required to defend Walz in the Sandone suit and indemnify him for any loss in that matter, monetary damages arising out of Federal's refusal to provide coverage, and his attorneys' fees and costs for bringing this action. Count two alleges vexatious and unreasonable failure by Federal to provide coverage in violation of 215 ILCS § 5/155 and seeks monetary damages along with attorneys' fees and costs. Count three seeks a declaratory judgment that Federal is estopped from refusing to assume liability for any settlement or judgment in the Sandone suit.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. Celotex

Corp. v. Catrett, 477 U.S. 317, 324 (1986). In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which that party relies. Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 898 (7th Cir. 2003). Finally, the evidence relied upon must be competent evidence of a type otherwise admissible at trial. Stinnett v. Iron Works Gym/Exercise Health Spa, Inc., 301 F.3d 610, 613 (7th Cir. 2002).

ANALYSIS

Under Illinois law[1], "construction of an insurance contract is a question of law, suitable for disposition by a court on a motion for summary judgment. ... [However, a plaintiff] is still required to establish the undisputed facts which show a policy provision applies to prevail on summary judgment." Welch v. Agricultural Excess & Surplus Ins. Co., No. 00 C 5725, 2001 WL 1155249, at *3, 6 (N.D. Ill. Sept. 28, 2001) (quoting T.H.E. Ins. Co v. City of Alton, 227 F.3d 802, 805 (7th Cir. 2000)).

"In construing an insurance policy, 'the primary function of the court is to ascertain and enforce the intentions of the parties as expressed in the agreement.'" Spectra Merch. Int'l, Inc. v. Euler Aci Collection Servs., Inc., No. 03 C 899, 2004 WL 1393600, at *3 (N.D. Ill. June 18, 2004) (quoting Crum and Foster Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1077 (Ill. 1993)). "An insurance policy that contains no ambiguity is to be construed according to the plain

---

[1] The parties apparently agree that Illinois law should be applied when interpreting the Policy because both parties cite to Illinois case law as the controlling case law in this dispute. The court concludes that the application of Illinois law is proper. Platinum Tech., Inc. v. Fed. Ins. Co., No. 99 C 7378, 2000 WL 875881, at *1 n.1 (N.D. Ill. 2000) (citing Sinozzi v. ITT Sheraton Corp., 174 F.3d 842, 849 (7th Cir. 2000)).

5

and ordinary meaning of its terms, just as would any other contract. However, if a provision of an insurance policy is ambiguous, the provision must be construed in favor of the insured." National Fid. Life Ins. Co. v. Karaganis, 811 F.2d 357, 361 (7th Cir. 1987) (citing Playboy Enter. v. St. Paul Fire Marine Ins., 769 F.2d 425, 428 (7th Cir. 1985); United States Fire Ins. Co. v. Schnackenberg, 429 N.E.2d 1203, 1205 (Ill. 1981) (additional citations omitted)). Interpretations of ambiguities are made in favor of the insured because the insurer was the one who drafted the insurance policy, Citicorp Sav. of Illinois v. Stewart Title Guar. Co., 840 F.2d 526, 529 (7th Cir. 1998), and "in order to effectuate the predominate purpose of the contract which is to indemnify the insured." National Fid. Life Ins. Co, 811 F.2d at 361.

In the present Policy, Walz alleges that Federal has undertaken the duty to both indemnify and defend him. "The insurer's duty to defend is broader than its duty to indemnify." Coltec Indus. Inc. v. Zurich Ins. Co., No. 99 C 1087, 99 C 3192, 2004 WL 413304, at *8 (N.D. Ill. Jan. 30, 2004) (citing Conway v. Country Cas. Ins. Co., 442 N.E.2d 245, 247 (Ill. 1982)). "An insurer's duty to defend arises if facts alleged in the complaint fall within, or potentially within, the policy's coverage." Spectra Merch. Int'l, Inc., No. 03 C 899, 2004 WL 1393600, at *4 (citing Outboard Marine Corp. v. Liberty Mut. Ins. Co., 607 N.E.2d 1204, 1212 (Ill. 1992)). "To determine whether the insurance company owes its insured a defense, the court must simply compare the allegations of the underlying complaint against the insured to the pertinent provisions of the insurance policy." Roman Catholic Diocese of Springfield Illinois v. Maryland Cas. Co., 139 F.3d 561, 565 (7th Cir. 1998) (citing Lampham-Hickey Steel Corp. v. Protection Mut. Ins. Co., 655 N.E.2d 842, 847 (Ill. 1995)).

"The court 'must read the underlying complaint liberally and in favor of the insured.'"

Platinum Tech. Inc., No. 99 C 7378, 2000 WL 875881, at *3 (citing Travelers Ins. Cos. v. Penda Corp., 974 F.2d 823, 829 (7th Cir. 1992)). "An insurer must defend even if the allegations are groundless, false, or fraudulent. ... The insurer may not justifiably refuse to defend an action against its insured unless it is *clear* from the face of the underlying complaints that the allegations fail to state facts which bring the case within, or potentially within the policy's coverage." Coltec Indus. Inc., No. 99 C 1087, 99 C 3192, 2004 WL 413304, at *8 (quoting U.S. Fid & Guar. Co. v. Wilkin Insulation Co., 578 N.E.2d 926, 930 (Ill. 1991) (emphasis in original)); see e.g., Platinum Tech., Inc., No. 99 C 7378, 2000 WL 875881, at *3 (citing West Bend Mut. Ins. Co. v. Sundance Homes, Inc., 606 N.E.2d 326, 328 (Ill. App. Ct. 1992)).

"When making this comparison, the court should not simply look to the particular legal theories pursed by the claimant, but must focus on the alleged conduct on which the lawsuit is based." Platinum Tech., Inc., No. 99 C 7378, 2000 WL 875881, at *3 (citing Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co., 976 F.2d 1037, 1039 (7th Cir. 1992); Western Cas. & Sur. Co. v. Adams County, 534 N.E.2d 1066, 1068 (1989)). "A complaint need not allege or use language affirmatively bringing the claims within the scope of the policy, as the question of coverage should not hinge exclusively on the draftsmanship skills or whims of the plaintiff in the underlying action." Id. at *4 (citations to Illinois cases omitted).

### A. The Impact of the Court's July 27, 2004 Decision on the Motion to Compel Arbitration

As a threshold matter, Federal argues that summary judgment is inappropriate at this point in the litigation in light of the court's July 27, 2004 decision to compel arbitration on the EPL claims (counts four through six.) Federal renews its request to stay the entire proceedings pending the

7

outcome of the arbitration of the EPL claims. In addition, Federal also argues that the court is unable to evaluate Walz's D&O claims (counts one through three), even if the court decides not to stay the proceedings, due to coordination of coverage clauses in the D&O and EPL sections of the Policy. The structure of coordination of coverage clauses contained in the D&O and EPL sections, according to Federal, requires a determination of the EPL counts before any evaluation of the D&O counts is possible. Consequently, Federal argues that this court must wait for the arbitrator's decision on the EPL claims before going forward on evaluating the D&O claims.

The court declines Federal's invitation to reconsider the July 27, 2004 ruling. "The 'sole issue' in deciding whether an issue must be arbitrated is whether there is an agreement to do so." Walz v. Federal Insurance Co., 04 C 2286 (N.D. Ill. July 27, 2004) (quoting N. Ill. Gas Co. v. Airco Indus. Gases, 676 F.2d 270, 275 (7th Cir. 1982)). The court has interpreted and is enforcing the Policy, including its arbitration clause, as drafted by Federal and agreed to by the parties. See Rohe ex rel. Rohe v. CNA Ins. Co., 728 N.E.2d 38, 43 (Ill. App. Ct. 2000) ("A court will not rewrite a contract to suit one of the parties, but will enforce the terms as written.").

### B. Rights and Obligations of the Parties under the D&O Section

In its August 4, 2003 letter, Federal states that the second amended Sandone complaint meets the definition of a D&O claim, (Walz's Statement of Undisputed Facts Ex. 1F at pg 3), but goes onto deny coverage for the claim because the D&O section excludes coverage for "any claim against an insured brought by another insured." D&O § III (A)(5). Sandone and Walz both meet the definition of insured party of "any past, present or future executive or employee of the insured organization." D&O § II (J). Walz counters that the Sandone case is covered under an exception to the "insured

v. insured" exclusion that allows coverage for a D&O claim, brought by an insured v. insured, when the D&O claim is "brought or maintained by an executive for the actual or alleged wrongful termination of such executive." D&O § III (A)(5)(d).

Thus, the legal dispute between the parties is whether Sandone's claim meets the definition of wrongful termination as contained in the D&O § III (A)(5)(d) exception to the general exclusion of D&O § III (A)(5). If Sandone's action is a wrongful termination claim, then the D&O § III (A)(5)(d) exception to the D&O § III (A)(5) exclusion from coverage is applied and the result is that this court must find for Walz. However, Sandone's action is not a wrongful termination claim, then the D&O § III (A)(5)(d) exception to D&O § III (A)(5) exclusion from coverage is not applied and the result is that this court must find for Federal.

Sandone's claim is that he was improperly removed from his position as President, CEO and member of the board of directors with Argus. Consequently, he is claiming wrongful termination. In evaluating whether the allegations in a complaint falls within the coverage of the Policy, "a court should not simply look to the particular legal theories pursued by the claimant, but must focus on the alleged conduct on which the lawsuit is based." Platinum Tech., Inc., No. 99 C 7378, 2000 WL 875881, at *3 (citing Pipefitters Welfare Educ. Fund v. Westchester Fire Ins. Co., 976 F.2d 1037, 1039 (7th Cir. 1992); Western Cas. & Sur. Co. v. Adams County, 534 N.E.2d 1066, 1068 (1989)).

Federal inappropriately focuses on the fact that Sandone is bringing tortious interference claims. Sandone's factual dispute with Walz, that he was wrongfully removed from his position at Argus, has been present in Sandone's original complaint and his two amended complaints. As the Seventh Circuit instructed in Cincinnati Ins. Co. v. Eastern Atlantic Ins. Co., "what is important is not the legal label that the plaintiff attaches to the defendant's (that is, the insured's) conduct, but

whether the conduct as alleged in the complaint is at least arguably within one or more of the categories of wrongdoing that the Policy covers. So, for example, if the complaint alleges facts that if proved would show that the insured had infringed the plaintiff's copyright, the policy kicks in even if the complaint charges the insured only with fraud or intentional infliction of emotional distress." 260 F.3d 742, 745 (7th Cir. 2001) (quoting Curtis-Universal Inc. v. Sheboygan Emergency Medical Servs. Inc., 43 F.3d 1119, 1122 (7th Cir. 1994)).

This court, after reviewing Sandone's second amended complaint and comparing it to the Policy, Roman Catholic Diocese of Springfield Illinois v. Maryland Cas. Co., 139 F.3d 561, 565 (7th Cir. 1998) (citing Lampham-Hickey Steel Corp. v. Protection Mut. Ins. Co., 655 N.E.2d 842, 847 (Ill. 1995)), concludes that Sandone is bringing a claim for wrongful termination meeting the definition of the exception under D&O § III (A)(5)(d). This court agrees with Walz that the Sandone suit falls within the D&O § III (A)(5)(d) exception and therefore Federal is obligated to provide coverage. Consequently, this court finds that Federal, by failing to defend Walz against the Sandone suit, is in breach of contract. Federal must meet its obligations, to defend and indemnify Walz, as it original promise to do when it entered into the Policy.

In light of this court's determination that Federal is in breach of contract, and thus obligated to defend Walz in the Sandone suit, this court need not consider Walz's argument in count two for an award under 215 ILCS § 5/155 for costs and attorneys' fees for his defense of the Sandone suit or his count three argument that Federal is estopped from asserting a refusal to accept liability. This court's memorandum opinion and order is not a dispositive decision on those issues.

## CONCLUSION

Accordingly, this court grants Walz's motion for summary judgment on count one and holds that defendant Federal: (1) has and has had an obligation to defend Walz in the Sandone lawsuit; (2) is required to indemnify Walz for any loss in the Sandone lawsuit; and (3) must indemnify Walz for any costs and fees that he has incurred in defending against the Sandone claim. Federal's obligations to Walz, however, is limited by terms of the Policy, specifically the Policy's total monetary limit of $1,000,000. In light of the decisions above, this court need not consider the issues of count two, whether Federal's refusal to defend was a violation of 215 ILCS § 5/155, and count three, whether Federal is estopped from refusing to assume liability for any settlement or judgment in the Sandone suit.

The parties are encouraged to discuss settlement of the issues of Walz's monetary relief and attorneys' costs and fees under count one and will report status at 9:00am on November 16, 2004. Judgment is entered in favor of Plaintiff Walz on count one. Count two and three remain for later resolution.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: October 27, 2004